HIRSCHBERG, P. J.  The appellant has been convicted of the crime of receiving some chickens, knowing them to have been stolen; the conviction resting chiefly upon the evidence of a witness who testified that he had actually committed the theft, but had sold the chickens to the defendant, the latter knowing that they had been stolen.  The defendant denied that he had bought the chickens in question, and asserted that they had been purchased by his wife during his absence.  His wife also testified that she had bought the chickens herself from a peddler during her husband's absence, and had paid for them with her own money.

There was evidence sufficient to justify the conviction, but a new trial is necessary because the court refused to charge the jury at the defendant's request that, if they found from the evidence "that the goods were bought by Mrs. Rizzo and are her property, the defendant cannot be convicted of the crime charged."  It is true that the refusal of the court to charge the proposition stated was limited except as covered in the charge; but, as no allusion was made in the charge to the assertion or claim that the chickens were purchased by the defendant's wife, the declination must be regarded as absolute.

The judgment of conviction must be reversed, and a new trial ordered.  All concur.

---

CRANDELL v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department.  October 12, 1909.)

MALICIOUS PROSECUTION (§ 18*)—PROBABLE CAUSE—SUFFICIENCY OF EVIDENCE.
   In an action for malicious prosecution, evidence that plaintiff, a brakeman employed by defendant, while walking after dark with a fellow brakeman, was requested by the latter to hold a package, which he took from the side of a walk, that soon thereafter defendant's special officer arrested plaintiff, that the package, when opened, contained brass journal boxes, such as were used on defendant's cars, and that certain brasses identical to those in the package were missing from certain cars, was insufficient to show lack of probable cause.
   [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 31; Dec. Dig. § 18.*]

   Hirschberg, P. J., dissenting.

Appeal from Trial Term, Queens County.

Action by William M. Crandell against the Long Island Railroad. Company.  From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals.  Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and MILLER, JJ.

Matthew J. Keany, for appellant.

Williams & Richardson (John E. Walker, on the brief), for respondent.

PER CURIAM.  The action is malicious prosecution.  The plaintiff was arrested by a special officer of the defendant and taken to the police station.  There he was charged with petit larceny.  He was ar-

raigned on the following morning under a charge of violation of section 635 of the Penal Code and of a petit larceny. The hearing was adjourned and the plaintiff was lodged in jail for two days before he secured bail. He waived examination, was held for the grand jury, indicted, tried, and acquitted.

We think that, upon the evidence of the plaintiff and the uncontradicted evidence in the case, the plaintiff failed to give sufficient proof of the want of probable cause on the part of the defendant. The plaintiff was defendant's brakeman, who worked nights principally in a yard, quitting work usually at 6 a. m. On the night of his arrest he left the yard at 4:30 a. m., with permission to go fishing, in company with Puff, a fellow brakeman. It was then dark. After they had gone about 400 or 500 feet from the yard, and along the road, Puff took up a package from the side of the walk, wrapped in newspaper, and weighing about 30 or 40 pounds. He requested the plaintiff to hold it for him until he had lighted his pipe. The plaintiff walked along, carrying the package, for 30 to 50 feet, when the defendant's special officer "grabbed him" and said, "Now, I have got you; what is in that package?" The plaintiff said, "I didn't do anything; I don't know what is in the package; you will have to ask him"—i. e., Puff. The plaintiff testifies that he could not make his captor understand anything, so he resisted arrest. The package, when opened, contained brass journal boxes, such as were used on the defendant's railway cars then in the yard. A witness for the plaintiff testified that there were 600 or more cars then in the yard, and that one could not discover whether such brasses were missing until a car was moved, or by inspection of each car. On the following morning examination showed that certain brasses identical with those in that package were missing from certain cars in that yard. We think that upon this evidence, aside from that controverted, the plaintiff failed to show that the defendant did not act in this prosecution upon such apparent facts that would lead a discreet and prudent man to believe that these brasses had been taken unlawfully, by or with the connivance of the plaintiff, from the cars of the defendant.

The judgment is reversed, and a new trial is granted; costs to abide the event.

HIRSCHBERG, P. J., dissents.